## EDWARD J. URBANOWICZ ET AL. *v.* RAY-N-BEAU CONSTRUCTION COMPANY, INC.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 937

Argued November 18, 1980 – decided April 17, 1981

*John E. Colella,* with whom, on the brief, was *Kevin T. Nixon,* for the appellant (defendant).

*Foster M. Young,* for the appellees (plaintiffs).

PER CURIAM. In this suit upon performance bonds given to each plaintiff the issues were found against the defendant. It has appealed claiming that the trial court erred in its interpretation of an agreement for the repair of two septic tank systems and in failing to find that the plaintiffs had prevented the defendant from performing its obligations under the bond. The defendant also claims error in the admission of certain testimony.

The memorandum of decision adequately sets forth the facts. Each plaintiff had purchased a home con-

structed by the defendant on Sycamore Lane in the town of Oxford. Because the septic tank systems for their houses did not function properly, each plaintiff brought an action for damages against the defendant. These suits were terminated by stipulated judgments entered in each case under the terms of which the defendant agreed to perform the work necessary to repair the septic tank systems by August 1, 1978.

On July 17, 1978, the defendant attempted to place some fill on the properties of the plaintiffs for the purpose of repairing the septic tank systems, but was prevented from proceeding with the work by the plaintiffs, who objected to having any such work done until the town sanitarian had approved the plans for repairing the systems. The defendant had not submitted any such plans. The trial court concluded that the plaintiffs were justified in refusing to allow the repair work to proceed until the approval of the sanitarian had been obtained and the court awarded damages to the plaintiffs.

We agree with the conclusion of the trial court that the defendant was required to obtain approval of the town sanitarian of the repair work needed before actually commencing the work. The stipulation expressly provided that the work "shall be at the direction of . . . [the] Sanitarian of the Town of Oxford and shall be completed to his satisfaction." The repair work could hardly be "at the direction of" the sanitarian if no plans or other proposal had ever been submitted to him for approval. The plaintiffs were entitled to insist upon approval by the sanitarian of the work to be performed before it commenced.

The defendant claims that the testimony of the expert witness about the cost of repairing the septic tank system of each plaintiff was improperly admitted because the plaintiff failed to establish precisely what repairs the town sanitarian would have required for

his approval. The stipulation provided that the defendant should perform "such work as reasonably necessary to repair the septic system" for each property. Upon the defendant's failure to perform its agreement the measure of its liability was the reasonable cost of making the necessary repairs. This standard, which was followed by the defendant's expert in making his cost estimates, would also have been applied by the sanitarian in deciding what was necessary. We are not aware of any disagreements between the expert witness of the plaintiffs and the town sanitarian as to what repairs would be necessary. Some of the repairs contemplated by the expert witness were based upon testimony of the sanitarian.

There is no error.

ARMENTANO, SHEA and BIELUCH, Js., participated in this decision.